FOREMAN BROTHERS BANKING COMPANY, ADMINISTRATOR DRISCOLL
ESTATE

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

RESPONDEAT SUPERIOR—*doctrine not applicable to State.* The doctrine of *respondeat superior* does not apply to the State, unless the State through its Legislature expressly waives its application.

GOVERNMENTAL FUNCTION—*Chicago State Hospital.* The State in conducting the Chicago State Hospital at Chicago, exercises a governmental function, and is not liable for the death or injuries of its employees while in the discharge of their duty.

Edward J. Brundage, Attorney General, for State.

Timothy Driscoll, an employee of the Chicago State Hospital, a State institution located in Chicago, Cook County, Illinois, met with an accident from which it is alleged his illness and death resulted. Claimant filed a claim with the Industrial Board of Illinois, which was dismissed for lack of jurisdiction. Claimant now seeks compensation before this Court, for the alleged wrongful death and for medical surgical and hospital expenses incidental to decedent's last illness. The facts as to the manner and nature of the injury are not in dispute. The decedent was a boiler washer and had worked at the hospital for 19 or 20 years. On Nov. 6th, 1919, under orders from the chief engineer he went to an old plant located at the institution which had formerly been used as an engine plant, but had then been out of use for a year and a half, for the purpose of breaking out some grates from an old boiler located there. The room where this boiler was located was dark, damp and full of foul odors from excretions left there by patients and others in wrongfully using it as a toilet. While engaged in his work, the deceased stood on planks over a pit in front of the boiler, this pit being nearly full of foul, cold stagnant water. In striking a blow at the grates with a heavy sledge, he lost his balance, and slipped, one of his feet going into the water up over his ankle. Shortly after this the decedent and his helper went to lunch, and the former complained that he did not feel well, and did not eat as usual. He went back to the old plant after lunch but stayed only about 40 minutes, and then went home, where his wife found him later, and found him lying down, and complaining of not feeling well. He did not go back to work again after that, but developed pneumonia and died about three weeks later. The evidence contains the tstimony of only one physician, the doctor who attended the deceased during his last illness, and his testimony,

in the opinion of the Court strongly supports the conclusion that the illness from which the decedent came to his death was brought on by the shock and exposure under the conditions in which Driscoll was working at the time of the accident. From an examination of the authorities in both this and other states we concluded from the evidence produced in this case that the decedent came to his death as a result of the accident complained of.

We now come to the question of the liability of the State in a case of this kind. The doctrine of *respondeat superior* does not apply to the State, as has been frequently decided by this Court, and this doctrine will apply unless the State through the Legislature has expressly waived its application in cases of this kind. It is also our opinion that the State in conducting the Chicago State Hospital at Chicago, Illinois, exercises a governmental function and is not liable for injuries to those in its employ, again unless the Legislature has by some act directly burdened the State with this responsibility. We are not prepared to conclude that the State has not been made liable to the payment of compensation in a case of this kind under the provisions of the Workmens' Compensation Act, section 3, sub-paragraphs 1 and 8, as amended by the Act of June 28, 1919. However, it does not appear to us to be necessary to reach a conclusion on this point in this case, as from the facts of the case we find that as a matter of equity and social justice the claimant is entitled to an award. The service of the State should not be less attractive than that of private individuals and corporations of the same nature has been made by legislative enactment, and in performing its functions we believe that this Court is following the course and applying the principals, which it is the providence of this Court to take and apply, when we conclude that the claimant here is entitled to a compensation. We therefore award the claimant the sum of two thousand ($2,000.00) dollars.